# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH SOMERS, | 1:09-cv-01590-AWI-DLB (HC) |
|       Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR PERMISSION TO FILE A BELATED NOTICE OF APPEAL |
|   v. | |
| KEN CLARK, | [Doc. 23] |
|       Respondent. | |

On June 16, 2010, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 was denied on the merits and judgment was entered in favor of Respondent. In that order, the Court also declined to issue a certificate of appealability.

On October 21, 2010, Petitioner filed a notice of appeal, along with a motion requesting permission to file a belated appeal.

A notice of appeal must be filed by the district clerk within 30 days after the judgment or order appealed from is entered. See Fed. R. App. P. 4(a)(1)(A). However, the district court may extend time to file a notice of appeal if a party moves no later than 30 days after the time for filing a notice of appeal expires, and the party shows excusable neglect or good cause. See Fed. R. App. P. 4(a)(5)(A).

Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is easier; and

(C) the court finds that no party would be prejudiced."

Fed. R. App. P. 4(a)(6).

"Rule 4(a)(6) provides the exclusive means for extending appeal time for failure to learn that judgment has been entered." Mitchell v. Burt Vetterlein & Bushnell P.C., 197 F.3d 421, 425 (9th Cir. 2000) (as amended) (quoting 16A Charles Alan Wright et al., Federal Practice and Procedure § 3590.6 at 228 (3d ed. 1999)).

In his motion, Petitioner explains that he began a rehabilitative program in 2006 to allow mobility without a wheelchair. However, on April 1, 2010, his wheelchair was confiscated and he was unable to access his legal materials. He contends "[a]t the time of my receipt of Judge Anthony W. Ishii's Order, dated June 16, 2010, I was not in possession of my court papers relating to the aforementioned court action, as those papers are currently in-storage inside of the connex trailers, over at the R&R, miles away from where I'm housed." (Motion, at 3.)

Although Petitioner may present cause for his failure to file a timely appeal, he did not file his motion to extend the time within thirty days from the time a notice of appeal was due. Therefore, this Court cannot extend the time to file the appeal under Rule 4(a)(1)(A). Furthermore, Petitioner cannot seek relief under Rule 4(a)(6) because he acknowledges that he received timely notice of the Court's June 16, 2010, and the Court's case management electronic filing system reflects proper service on Petitioner. (Motion, at 3.) For these reasons, Petitioner's motion to extend the time to file a notice of appeal is DENIED.

IT IS SO ORDERED.

Dated:   November 9, 2010                              _____
                                                       CHIEF UNITED STATES DISTRICT JUDGE